Louis Douer, Appellee, v. E. L. Knapp, Appellant.

Gen. No. 17,391.

EVIDENCE—*admissibility of alleged pieces of splintered jaw.* In an action against a dentist for malpractice, where it is alleged that plaintiff's jaw was splintered when a tooth was extracted, it is not error to admit envelopes containing pieces of bone which plaintiff testified worked out through his gums.

Appeal from the Superior Court of Cook county; the HON. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 29, 1912. Rehearing denied December 12, 1912.

LOWES & RICHARDS, for appellant.

HARRY M. FISHER, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an action in *case* commenced in the Superior Court of Cook County, April 5, 1906, by Louis Douer, appellee and hereinafter called plaintiff, against E. L. Knapp, a dentist, appellant and hereinafter called defendant, to recover damages for alleged malpractice. The case has been tried twice. On the first trial, April 27, 1908, the jury disagreed. On the second trial, September 23, 1910, the jury found the defendant guilty

and assessed plaintiff's damages at the sum of $750, upon which verdict judgment was entered for that amount and costs and defendant has appealed to this court.

Plaintiff's declaration charged, in substance, that while defendant was exercising the profession of a dentist, plaintiff, on August 12, 1905, retained and employed defendant as such dentist for a reward to attend, treat and extract one of the teeth of plaintiff, with which plaintiff was then and there suffering, and defendant accepted said retainer and employment; that defendant, not regarding his duty as such dentist, so unskilfully and negligently conducted himself, by and through his want of skill and care in treating and extracting said tooth and by reason of his negligence, splintered, broke and lacerated the jaw bone and the surrounding muscles and tissues of the plaintiff, and then and there caused plaintiff great and unnecessary anguish and distress, etc., to the damage of plaintiff, etc.

It appears from the evidence that on August 12, 1905, plaintiff, suffering from a toothache, went to the office of defendant to have the tooth extracted; that defendant extracted the tooth; that in so doing he pulled the tooth very hard and forcibly; that plaintiff claimed that defendant at the time of extracting the tooth cracked and splintered the lower jaw of plaintiff; that defendant denied that at that time he cracked and splintered plaintiff's jaw, but he testified that after extracting the tooth he made no examination of plaintiff's mouth or jaw, and did not manipulate it so as to ascertain if anything had happened to the jaw; that after plaintiff went home he suffered severe pain, which increased in severity, and after the lapse of several days he discovered that a piece of bone was working out through the gum, and he again called on defendant for further treatment; that a day or two after this plaintiff called on another dentist, Dr. Cork, for treatment; that in February, 1906, plaintiff was taken to

a hospital, where he was operated upon and a portion of his jaw bone taken out; that plaintiff testified that, between the time of his second visit to the office of defendant and the time of such operation, twenty-two or twenty-three pieces of his jaw bone worked out through the gums, which plaintiff removed.

The witnesses called on behalf of plaintiff were plaintiff, and a Dr. Halprin as an expert. The witnesses called on behalf of defendant were defendant, said Dr. Cork, and a Dr. Ream as an expert.

Counsel for defendant contend that the trial court erred in refusing to direct a verdict for the defendant, and that the verdict is against the weight of the evidence. After an examination of the record we cannot say that the court erred in submitting the case to the jury or that the verdict is manifestly against the weight of the evidence. The case was one for a jury to pass upon and, in our opinion, the verdict should not be disturbed.

Counsel for defendant also urge that the trial court erred in admitting in evidence certain envelopes and their contents, (which contents were pieces of bone that plaintiff, as he testified, removed from his jaw), and in modifying and giving as modified three instructions to the jury offered by defendant. We are of the opinion that no error was committed in these particulars. The judgment of the Superior Court is affirmed. ·

*Affirmed.*